UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re: Michael A. Hagemeyer,<br>Attorney at Law, Bar No. 5344 | Case No. 2:19-cv-01363-MMD<br><br>AMENDED ORDER OF SUSPENSION[1] |

## I.  SUMMARY

This is an attorney discipline matter. Before the Court is Michael A. Hagemeyer's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on June 14, 2019. (ECF Nos. 1 (OSC), 4 (the "Response").) As further explained below, the Court will suspend Mr. Hagemeyer from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Mr. Hagemeyer's compliance with the probationary conditions the NSC imposed on him. However, Mr. Hagemeyer may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

## II.  BACKGROUND

Mr. Hagemeyer was suspended by the NSC following his conditional guilty plea to a charge that he "violated RPC 1.15 (safekeeping property) by transferring a client's funds out of his trust account for personal use or as fees before he had earned that amount." (ECF No. 1 at 6; *see also id.* at 6-8.) While Mr. Hagemeyer's suspension was stayed, he is currently subject to a one-year probationary period imposed by the NSC. (*Id.* at 7.)

---

[1] The prior version of this order concluded with an incorrect date. Only the date has been updated in this amended order.

During this period, the NSC requires that he undertake certain actions, including utilizing a State Bar-approved CPA to provide monthly reports on his trust account, continuing treatment after reporting to the Lawyer's Assistance Program for an evaluation and recommended treatment plan, and providing quarterly reports on his treatment. (*Id.* at 7-8.)

This Court issued the OSC as to why Mr. Hagemeyer should not be suspended from practice in this Court on June 24, 2019. (*Id.*) Mr. Hagemeyer timely filed his Response on July 24, 2019. (ECF No. 4.) In his Response, he argues that this Court should allow him to continue practicing before it because he is still allowed to practice law before the Nevada state courts, and both he and his clients will be harmed if he is suspended by this Court. (*Id.* at 3.) He alternatively requests more time to respond to the OSC, to provide supplemental evidence as to why he should not be suspended. (*Id.* at 3-4.)

**III. DISCUSSION**

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Mr. Hagemeyer from practice before this Court because the NSC's disciplinary adjudication regarding Mr. Hagemeyer appears to have been proper, and he presents no clear and convincing evidence to the contrary. Procedurally,

Mr. Hagemeyer did not submit a certified copy of the entire record from the NSC or present any argument as to why less than the entire record will suffice. *See* LR IA 11-7(e)(3). The Court also notes Mr. Hagemeyer cannot meet his clear and convincing burden because he presented no evidence to support his Response. (ECF No. 4.) *See also Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017) ("Attorney argument is not evidence.") Substantively, while Mr. Hagemeyer does appear to be allowed to practice in the Nevada state courts, he is also subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 1 at 7-8.) Further, Mr. Hagemeyer did not even try to fit his argument into the LR IA 11-7(e)(3) framework. And the Court sees no substantial reasons not to suspend Mr. Hagemeyer based on its review of the record. *See* LR IA 11-7(e)(3). The Court will therefore suspend Mr. Hagemeyer.

That said, Mr. Hagemeyer is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he is able to successfully complete his term of probation with the NSC. Any petition for reinstatement should not be filed until Mr. Hagemeyer has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC.

**IV. CONCLUSION**

It is therefore ordered that Michael A. Hagemeyer, Bar No. 5344, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 20th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE